# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CARVER, *et al.*,

                  Plaintiffs,

    v.

BANK OF NEW YORK MELLON, *et al.*,

                  Defendants.

Case. No. 1:15-cv-10180-JPO-JLC

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative class action is pending in this Court captioned *Carver et al. v. Bank of New York Mellon, et. al.*, No. 1:15-cv-10180-JPO-JLC (S.D.N.Y.) (the "Action");

WHEREAS, (a) Hedy L. Anselman, David Baumann in his capacity as Trustee of the Teamsters Employers Local 945 Pension Fund, Carl Carver, Dante A. Dano, Jr., Edward C. Day, Landol D. Fletcher, Timothy R. Garrett, Dana Kellen, Deborah Jean Kenny, Lisa Parker, Edwin Scheibel, and Daryl Watkins (collectively, "Named Plaintiffs"), in their respective capacities as participants, beneficiaries, and/or trustees of one or more of the seven employee benefit plans named in the First Amended Consolidated Class Action Complaint (Dkt. No. 93), on behalf of themselves and the Settlement Class (as defined below), and (b) The Bank of New York Mellon and BNY Mellon, National Association (collectively, "Defendants" or "BNYM") have determined to settle the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 14, 2018 (the "Stipulation" or "Settlement") subject to approval of this Court;

WHEREAS, Named Plaintiffs have made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order that will, among other things, provisionally certify the Settlement Class solely for the purpose of effectuating the Settlement, preliminarily approve the

Settlement in accordance with the Stipulation, and direct notice of the Settlement to Settlement Class Members, as more fully described herein;

WHEREAS, Defendants do not oppose Named Plaintiffs' motion;

WHEREAS, the Court has read and considered: (a) Named Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; (b) the Stipulation and the exhibits attached thereto; and (c) the record in the Action, and found good cause for entering the following Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Incorporation of Definitions** – This Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meaning as set forth in the Stipulation.

2.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class and finds it will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described below.

3.    **Final Approval Hearing** – The Court will hold a settlement hearing ("Final Approval Hearing") on May 23, 2019 at 3:00 p.m.[1] in Courtroom 706 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether an Order and Final Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against the Defendants; (c) to determine whether the proposed Plan of Allocation for the

---

[1] The Parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 135 days after the date of entry of this Order, so that, among other things, they may comply with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715(b).

net proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether Lead Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Named Plaintiffs) should be approved; and (e) to consider any other matters that properly may be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class members as set forth in ¶ 8 of this Order.

4.     The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as Named Plaintiffs and Defendants may agree to, if appropriate, without further notice to the Settlement Class.

5.     **Provisional Certification of the Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, this Court provisionally certifies a Settlement Class defined as all participants, beneficiaries, trustees, and fiduciaries of ERISA Entities that held, directly or indirectly, BNYM ADRs for which Defendants (or their affiliates or predecessors in interest) in their capacity as an ADR depositary provided foreign exchange transactional services at any time during the Settlement Class Period (the "Settlement Class" and each a "Settlement Class Member"). "ERISA Entities" mean an ERISA plan and any trust, pooled account, collective investment vehicle, or group insurance arrangement that files a Form 5500 annual report as a Direct Filing Entity ("DFE") in accordance with the DFE Filing Requirements, such as a group trust, master trust investment account (MTIA), common/collective trust (CCT), pooled separate account (PSA), 103-12 investment entity (102-12 IE), group insurance arrangement (GSA), or other collective investment vehicle that held plan assets as defined by the U.S. Department of Labor "Instructions for Form 5500, Annual Return/Report of Employee Benefit Plan." The "Settlement Class Period" is the period from January 1, 1997 through the date of the Preliminary Approval Order. The provisional certification of the Settlement Class shall be vacated if the proposed Settlement is terminated or not approved by the Court, or if for any other reason the Effective Date does not occur.

6.     Solely for purposes of effectuating the proposed Settlement, the Court preliminarily finds the prerequisites for class action certification under Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Named Plaintiffs and Lead Plaintiffs' Counsel; (e) prosecution of separate actions by individual Settlement Class Members would create a risk of inconsistent or varying adjudications or would create a risk of adjudications with respect to individual Settlement Class Members, that, as a practical matter, would be dispositive of the interests of other members not parties to the individual actions. These preliminary findings shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, Named Plaintiffs are appointed as representatives for the Settlement Class and Lead Plaintiffs' Counsel are appointed as counsel for the Settlement Class. Solely for the purposes of effectuating the proposed Settlement, Lead Plaintiffs' Counsel are authorized to act on behalf of the Named Plaintiffs and other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement. These designations shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

8.     **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Plaintiffs' Counsel is hereby authorized to retain Analytics Consulting, LLC (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as to process Claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be given by the Claims Administrator, under the supervision of Lead Plaintiffs' Counsel, as follows:

      a.      beginning no later than thirty (30) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause to be mailed (1) a letter ("Validation Letter") (substantially in the form attached as Exhibit A-2) to each ERISA Entity identified from structured data produced in discovery or from documents produced concerning the Named Plaintiffs' plans as holding or having held at least one BNYM ADR in respect of which BNYM performed foreign exchange transactional services during the Settlement Class Period ("Identified Class Entity"), and (2) a postcard notice ("Postcard Notice") (substantially in the form attached as Exhibit A-5) to any other ERISA Entity that filed a Form 5500 with the U.S. Department of Labor based on the most current complete year of data available ("Potential Class Entity"). The Validation Letter and the Postcard Notice will direct the Identified Class Entity and the Potential Class Entity, respectively, to the Settlement Website, on which the Notice and Plan of Allocation (substantially in the form attached as Exhibit A-1) will be made available. In addition, the Settlement Website will direct Identified Class Entities and Potential Class Entities to a portal through which an authorized representative of any such ERISA Entity may electronically submit a Claim Form (substantially in the form attached as Exhibit A-3) on which the ERISA Entity may identify any BNYM ADRs it held during the Settlement Class Period.  For each Identified Class Entity, the Claim Form will be pre-populated with a list of such Identified Class Entity's known BNYM ADR holdings, which can be reviewed, corrected, and/or supplemented as needed. The Validation Letter will also contain a summary of the Identified Class Entity's known BNYM ADR holdings.

      b.      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Publication Notice (substantially in the form attached as Exhibit A-4) to be published once in the national edition of *The Wall Street Journal* and to be transmitted once on the *PR Newswire*; and

      c.      not later than seven (7) calendar days prior to the Final Approval Hearing, Lead Plaintiffs' Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Validation Letter, the Postcard Notice, the Claim Form, and the Publication Notice, annexed hereto as Exhibits A-1 to A-5, and (b) finds that the mailing and distribution of the Validation Letter and Postcard Notice; the notification and making available of the Notice and Claim Form on the Settlement Website; and the publication of the Publication Notice substantially in the manner and form set forth in ¶ 8 of this Order (i) provides notice in a reasonable and appropriate manner to all Settlement Class Members; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Releases to be provided thereunder), Lead Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Named Plaintiffs), their right to object to the Settlement, the Plan of Allocation and/or Lead Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and their right to appear at the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to the Settlement Class entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Postcard Notice, Validation Letter, Notice, and Publication Notice before they are mailed, appear on the Settlement Website, and published, respectively. No Settlement Class Member shall be relieved from the terms of the proposed Settlement, including the Releases provided for therein, based solely upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

10.      **Participation in the Settlement** – Identified Class Entities do not have to take any action in order to participate in the Settlement and be eligible to receive a payment from the Net Settlement Fund, although they may choose to have an authorized representative correct or supplement information in the pre-populated Claim Form available on the Settlement Website. However, Potential Class Entities who wish to participate in the Settlement and be eligible to

receive a payment from the Net Settlement Fund must have an authorized representative complete and submit a Claim Form through the Settlement Website in accordance with the instructions contained in the Notice and on Website. Unless the Court orders otherwise, all Claim Forms must be submitted through the Settlement Website no later than one hundred and thirty (130) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Plaintiffs' Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to Authorized Recipients. By submitting a Claim, an entity shall be deemed to have submitted to the jurisdiction of the Court with respect to its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by supporting documentation for the BNYM ADRs held that is sufficient to show the ADR name, CUSIP, the dates held, and the number of shares held, in the form of account statements or such other documentation as is deemed adequate by Lead Plaintiffs' Counsel or the Claims Administrator; and (c) the Claim Form must be completed and signed under penalty of perjury by an authorized representative of the Settlement Entity with current authority to act on its behalf.

12.     Any Identified Class Entity that does not correct or supplement the data pertaining to its BNYM ADR holdings included in the Validation Letter and on its pre-populated Claim Form on the Settlement Website shall be deemed to have waived its right to change or supplement that data. In that case, the Claim Amount for the Identified Class Entity will be calculated based on the pre-populated data.

13.     Any Potential Class Entity that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto,

7

including, without limitation, the Order and Final Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against each and all of the Released Parties, as more fully described in the Stipulation and the Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 10 above.

14.    **Appearance at Final Approval Hearing and Objections** – Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in ¶ 15 below, such that it is received no later than thirty-five (35) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Plaintiffs' Counsel.

15.    Any Settlement Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs) and appear and show cause, if it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Settlement Class Member has filed written objections with the Court and served copies of such objection on Lead Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than thirty-five (35) calendar days prior to the Final Approval Hearing.

| Lead Plaintiffs' Counsel | Defendants' Counsel |
| --- | --- |
| Jan M. Conlin, Esq.<br>Ciresi Conlin LLP<br>225 South Sixth Street, Suite 4600<br>Minneapolis, MN 55402<br>Brian McTigue, Esq.<br>McTigue Law LLP<br>4530 Wisconsin Avenue, NW, Suite 300<br>Washington, DC 20016 | Elizabeth M. Sacksteder<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 |

16.     Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections; and (c) must include documents that identify the BNYM ADRs held by a Settlement Entity with respect to which such objecting Settlement Class Member is a participant, beneficiary, trustee or fiduciary (including the CUSIP, number of shares, and dates held) sufficient to prove membership in the Settlement Class. Objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17.     Any Settlement Class Member who does not make their objections in the manner provided herein shall be deemed to have waived their right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins all Named Plaintiffs and all members of the Settlement Class from prosecuting any and all Released Claims against any of the Released Parties.

19.    **Notice and Administration Costs** – All reasonable costs incurred in identifying Settlement Class Members or Settlement Entities and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

20.    **Settlement Fund** – The contents of the Settlement Fund held by Alerus Financial, N.A. (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.    **Taxes** – Lead  Plaintiffs' Counsel is authorized and directed to prepare any tax returns and any other tax reporting from for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement.

22.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Named Plaintiffs, the Settlement Class Members, and Defendants, and Named Plaintiffs and Defendants shall have deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately prior to the execution of the Term Sheet on September 26, 2018, as provided in the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is

terminated in its entirely of if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs paid, shall be refunded to Defendants (or such other Persons as Defendants may direct) in accordance with the Stipulation.

23.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), nor any negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with the settlement negotiations, proceedings, or agreements, shall be offered or received against any or all of the Parties or Released Parties for any purpose, and in particular:

a.      do not constitute, and shall not be offered or received against Defendants or the other Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or the Released Parties with respect to the truth of any fact alleged by Named Plaintiffs or any other Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or the other Released Parties;

b.      do not constitute, and shall not be offered or received against Defendants or the other Released Parties as evidence of, a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendants or the Released Parties, or against Defendants, the Released Parties, or Named Plaintiffs, or any other Settlement Class Member as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

c.      do not constitute, and shall not be offered or received against Defendants or the other Released Parties as evidence of, a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendants or the Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceeding as may be necessary to effectuate

the provisions of the Stipulation;

        d.     do not constitute, and shall not be construed against Defendants or the other Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

        e.     do not constitute, and shall not be construed as or received in evidence as, an admission, concession, or presumption against Named Plaintiffs or any other Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Action would not have exceed the Settlement Amount.

     24.    **Supporting Papers** – Lead Plaintiffs' Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs) no later than thirty (30) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

     25.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this 20th day of December, 2018

_____
J. PAUL OETKEN
United States District Judge

Exhibit A-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *Carver, et al.*, | |
| Plaintiffs, | |
| v. | No. 15-CV-10180 (JPO)(JLC) |
| *Bank of New York Mellon, et al.*, | |
| Defendants. | |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) FINAL APPROVAL HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

TO: Fiduciaries or other authorized representatives of all ERISA Entities that at any time during the period January 1, 1997 through _____, 201_ held, directly or indirectly, American Depositary Receipts for which The Bank of New York Mellon acted as the depositary and provided foreign currency exchange transactional services ("BNYM ADRs"). **A list of BNYM ADRs is available for download on the Settlement Website, www.BNYMADRERISASettlement.com**.

An "ERISA Entity" means an ERISA plan and any trust, pooled account, collective investment vehicle, or group insurance arrangement that files a Form 5500 annual return/report as a Direct Filing Entity ("DFE") in accordance with the DFE Filing Requirements, such as a group trust, master trust investment account (MTIA), common/collective trust (CCT), pooled separate account (PSA), 103-12 investment entity (102-12 IE), group insurance arrangement (GSA), or collective investment vehicle that held plan assets as defined by the U.S. Department of Labor "Instructions for Form 5500, Annual Return/Report of Employee Benefit Plan."

## PLEASE READ THIS NOTICE CAREFULLY.
## A FEDERAL COURT AUTHORIZED THIS NOTICE.
## THIS IS NOT A SOLICITATION FROM A LAWYER.

This notice ("Notice") is being directed to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"). The purpose of this Notice is to advise you of the pendency of the above-captioned class action ("Action") and the proposed settlement ("Settlement") of the Action for $12,500,000 in cash (the "Settlement Fund") on the terms and subject to the conditions contained in the Stipulation and Agreement of Settlement filed in the Action and dated December 14, 2018

Exhibit A-1

("Stipulation").[1]  The Honorable J. Paul Oetken is presiding over the Action.  Judge Oetken has provisionally certified the proposed Settlement Class for purposes of settlement only, has directed that this Notice be made available on the Settlement Website to potential Settlement Entities, and has scheduled a final settlement hearing for _____, 201_, at __:__ ("Final Approval Hearing").  The Final Approval Hearing will be held in Courtroom ___ of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

The Settlement resolves claims by Hedy Anselman, David Baumann, Carl Carver, Dante A. Dano, Jr., Edward C. Day, Landol D. Fletcher, Timothy R. Garrett, Dana Kellen, Deborah Jean Kenny, Lisa Parker, Edwin Scheibel, and Daryl Watkins ("Named Plaintiffs"), in their respective capacities as participants, beneficiaries, and/or trustees of certain employee benefit plans, that have been asserted on behalf of the Settlement Class against The Bank of New York Mellon and BNY Mellon, National Association ("BNYM" or "Defendants").  Named Plaintiffs allege that, during the Settlement Class Period, BNYM breached alleged fiduciary duties and engaged in prohibited transactions under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), in connection with its conversion of foreign currency received in its capacity as a depositary for BNYM ADRs.  Defendants deny the allegations, including that they owe any duties under ERISA to the Settlement Class, breached any such duties, or caused any harm to ERISA Entities.  A more detailed description of the claims asserted by Named Plaintiffs in the Action, as well as the history of the Action, is set forth in Section 2 below.

As more fully described in paragraphs __ to__ below, the Settlement provides for $12.5 million ("Settlement Amount") to be paid by or on behalf of Defendants for the benefit of Settlement Entities, which amount has been deposited into an interest-bearing escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any interest earned thereon less (i) any Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses (including Service Awards) awarded by the Court) will be distributed to eligible Settlement Entities (*i.e.*, Authorized Recipients) according to a Court-approved plan of allocation. The proposed Plan of Allocation is set forth in Exhibit 1 hereto.

**PLEASE NOTE:** The Claims Administrator has identified from structured data produced in this Action or from documents produced concerning the Named Plaintiffs' plans ("Available Data") that certain ERISA Entities held at least one BNYM ADR that issued a dividend during the Settlement Class Period ("Identified Class Entities").  Identified Class Entities *do not* need to take any action to be eligible to receive a payment from the Settlement.  Any such Identified Class Entity will receive a Validation Letter as described below.  ERISA Entities that were not identified as holders of at least one BNYM ADR that issued a dividend during the Settlement Class Period through the Available Data ("Potential Class Entities") must complete and submit a Claim Form via the Settlement Website, www.BNYMADRERISASettlement.com, in order to be eligible to receive a payment from the Settlement.  Potential Class Entities will not receive a Validation Letter, but will receive a Postcard Notice, as described below.

---

[1] The Stipulation can be viewed at www.BNYMADRERISASettlement.com.  Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

Any questions regarding this Notice, the Action, the Settlement, or an ERISA Entity's eligibility to participate should be directed to Lead Plaintiffs' Counsel: Heather M. McElroy, Esq. and Barry Landy, Esq., Ciresi Conlin LLP, 225 South Sixth Street, Suite 4600, Minneapolis, MN 55402, (612) 361-8200, www.ciresiconlin.com; or J. Brian McTigue, Esq. and Regina M. Markey, Esq., McTigue Law LLP, 4530 Wisconsin Avenue, NW, Suite 300, Washington, DC 20016, _____@mctiguelaw.com. Further information may be obtained by contacting the Claims Administrator, Analytics Consulting, LLC at 1-855-773-0250 or visiting www.BNYMADRERISASettlement.com. **Please DO NOT contact the Court, the Clerk's Office, BNYM, or its counsel.**

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights ERISA Entities may have, including the possible receipt of cash from the Settlement.  If the ERISA Entity you represent ("Your Entity") is a Settlement Entity, its legal rights, and the rights of its participants, beneficiaries, trustee, and fiduciaries, may be affected whether or not Your Entity acts.**

| A SUMMARY OF YOUR ENTITY'S LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| FILL OUT A CLAIM FORM ONLINE. | If Your Entity is a Potential Class Entity (as defined above), this is the ONLY way for Your Entity to be eligible to receive a payment from the Settlement. Visit the Settlement Website, www.BNYMADRERISASettlement.com, to complete and submit a Claim Form.<br><br>If Your Entity is an Identified Class Entity (as defined above), it does not need to take any further action (*i.e.*, submit a Claim Form) in order to be eligible to receive a payment from the Settlement.  The Available Data has been consulted to pre-populate Your Entity's BNYM ADR holdings information into a Claim Form on Your Entity's behalf.  The information from the Available Data has been provided to Your Entity in a Validation Letter.  If you would like to supplement or correct the information identified in the Validation Letter sent to Your Entity and appearing in the pre-populated Claim Form, you must go to the Settlement Website to update Your Entity's information in accordance with the instructions for submitting an amended Claim Form. |

| | |
|---|---|
| OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION RECEIVED NO LATER THAN _____, 2019. | If you object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Plaintiffs' Counsel's request for attorneys' fees and reimbursement of Litigation Expenses (including Service Awards), you may write to the Court and explain why you object. You can only object to the Settlement, the Plan of Allocation or the fee and expense request and payment of Service Awards if you are a Settlement Class Member and Your Entity is a Settlement Entity. *See* paragraphs 56-62 below for requirements for objecting. |
| FILE NOTICE OF INTENTION TO APPEAR RECEIVED NO LATER THAN _____, 2019, AND GO TO FINAL APPROVAL HEARING ON _____, 2019. | Filing a written objection and notice of intention to appear by _____, 2019, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or Lead Plaintiffs' Counsel's request for attorneys' fees and reimbursement of Litigation Expenses (including Service Awards). If you submit a written objection, you may attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| DO NOTHING. | Your Entity will remain a Settlement Entity, which means that it will give up its right, and the rights of its participants, beneficiaries, trustees, and fiduciaries, to sue the Defendants and Released Parties with respect to the Released Claims described in the Stipulation, and Your Entity and its participants, beneficiaries, trustees, and fiduciaries will be bound by any judgments or orders entered by the Court in the Action.<br><br>**Please Note: If Your Entity is a Potential Class Entity and does nothing, it will <u>not</u> be eligible to receive a payment from the Settlement.  If Your Entity is an Identified Class Entity and does nothing, its eligibility to receive a payment from the Settlement will be determined by the data in the Validation Letter and in the pre-populated Claim Form.** |

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1.    Why was I directed to this Notice? ..............................................................
2.    What is this lawsuit about? What has happened so far? .................................
3.    Why is this a class action? ...........................................................................
4.    Why is there a Settlement? ..........................................................................
5.    How do I know if I am part of the Settlement Class? ...................................
6.    I'm still not sure if I'm included in the Settlement Class ............................
7.    Can I exclude myself from the Settlement Class? .......................................

**THE SETTLEMENT BENEFITS-WHAT YOU MAY GET** .............................................

8.    What does the Settlement provide? ...............................................................
9.    How much will my payment be? ...................................................................

**HOW YOU GET A DISTRIBUTION** ...............................................................................

10.   How can I get my distribution? ....................................................................
11.   When will I get my distribution? .................................................................

**THE LAWYERS REPRESENTING YOU** ........................................................................

12.   Do I have a lawyer in this case? ..................................................................
13.   How will the lawyers be paid? ....................................................................

**OBJECTING TO THE SETTLEMENT** ............................................................................

14.   How do I tell the Court if I don't like the Settlement? ................................

**THE COURT'S FAIRNESS HEARING** ..........................................................................

15.   When and where will the Court decide whether to approve the Settlement?
16.   Do I have to go to the hearing? ...................................................................
17.   May I speak at the hearing? .........................................................................

**IF YOU DO NOTHING** ..................................................................................................

18.   What happens if I do nothing at all? ............................................................

**GETTING MORE INFORMATION** .................................................................................

19.   How do I get more information? ...................................................................

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND** .......................................Exhibit 1

## BASIC INFORMATION

### 1.    Why was I directed to this Notice?

You were directed to this Notice because either (1) Available Data indicate that Your Entity received at least one cash distribution from a BNYM ADR during the Settlement Class Period with respect to which BNYM performed foreign exchange transactional services, and/or (2) the United States Department of Labor's current database of Form 5500s identifies Your Entity as an ERISA Entity. **Being directed to this Notice does not mean Your Entity is a**

**Settlement Entity or that Your Entity will be entitled to receive a payment from the Settlement.** The Court has directed that Notice be provided because, as a *potential* member of the Settlement Class and representative of a Settlement Entity, you and Your Entity have a right to know about the proposed Settlement before the Court decides whether to approve it. If the Court gives final approval to the Settlement, and after objections and appeals, if any, are resolved, the Settlement Amount, net of costs, fees, expenses, and Service Awards, if any, described herein, will be allocated among Authorized Recipients according to a Court-approved plan of allocation, and the Released Parties will be released from all Released Claims, as described in the Stipulation.

This Notice explains the Action, the Settlement, your and Your Entity's legal rights, what benefits are available, who is eligible for them, and how to get them. The Notice also provides information about the Final Approval Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and to consider Lead Plaintiffs' Counsel's motion for an award of attorneys' fees and Litigation Expenses (including Service Awards to Named Plaintiffs) from the Settlement Amount.

The Final Approval Hearing will be on _____, 2019 at __:___, before the Honorable J. Paul Oetken in the United States District Court for the Southern District of New York, Courtroom ____ of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine:

- Whether the Settlement should be finally approved as fair, reasonable, and adequate;
- Whether the proposed Plan of Allocation should be approved as fair and reasonable;
- Whether the Complaint should be dismissed with prejudice pursuant to the Settlement;
- Whether the Notice and the means of dissemination thereof pursuant to the Settlement (i) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive such notice; and (ii) met all applicable requirements of the Federal Rules of Civil Procedure, and other applicable law; and
- Whether Lead Plaintiffs' Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, including Service Awards to Named Plaintiffs, should be approved.

The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in this Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payment to Authorized Recipients will be made after all related appeals, if any, are favorably resolved. It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year. Please be patient.

## 2.    What is this lawsuit about? What has happened so far?

On December 31, 2015, Carl Carver, Edward C. Day, Landol D. Fletcher, Deborah Jean Kenny, and Lisa Parker filed a Class Action Complaint captioned *Carver, et al. v. the Bank of New York Mellon, et al.*, No. 15-cv-10180 in the Action, alleging that BNYM breached its fiduciary duties and engaged in prohibited transactions under ERISA in conducting foreign exchange transactional services in connection with BNYM ADRs.  Specifically, these plaintiffs alleged that BNYM breached its duties of prudence and loyalty under 29 U.S.C. §§ 1104 and 1109 of ERISA; engaged in self-interested prohibited transactions in violation of 29 U.S.C. §§ 1106(b) of ERISA; and caused the plans to engage in party-in-interest prohibited transactions in violation of 29 U.S.C. § 1106(a) of ERISA when BNYM, as the depositary for the BNYM ADRs, systematically deducted allegedly impermissible fees from dividends and/or cash distributions issued by foreign companies and owed to ERISA Entity ADR holders in the form of a "spread," or mark-up, above the price available to BNYM at the time of the transaction. Plaintiffs alleged that, as a result of this practice of adding a spread to each transaction, BNYM improperly retained millions of dollars from cash distributions that should have gone to ERISA Entity ADR holders.  Defendants deny these allegations.

On January 12, 2016, Robert E. Hartline filed a separate action against BNYM, captioned *Hartline v. The Bank of New York Mellon, et. al.*, Case No. 1:16-cv-00228-JPO, filed in the Southern District of New York and designated as related to the Action.  On April 12, 2016, the Court consolidated the *Hartline* action with the Action and designated McTigue Law LLP and Ciresi Conlin LLP as Interim Co-Lead Counsel for the putative class in the Action.

On May 3, 2016, Hedy Anselman, David Baumann, Carl Carver, Edward C. Day, Landol D. Fletcher, Timothy R. Garrett, Robert E. Hartline, Deborah Jean Kenny, Lisa Parker, and Daryl Watkins (collectively, the "Carver Plaintiffs") filed a Consolidated Amended Class Action Complaint against Defendants in the Action based on the same conduct described above. On June 2, 2016, Defendants moved to dismiss the Consolidated Amended Class Action Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and to strike the jury demand, which the Carver Plaintiffs opposed.  On March 31, 2017, the Court denied Defendants' motion to dismiss and granted Defendants' motion to strike the jury demand.  BNYM answered the Consolidated Amended Class Action Complaint on April 21, 2017.  On June 8, 2017, the Carver Plaintiffs filed a First Amended Consolidated Class Action Complaint adding Dante A. Dano, Jr. as a Named Plaintiff.  Defendants answered the First Amended Consolidated Class Action Complaint on June 22, 2017.

Thereafter, the Parties commenced discovery, which included Defendants producing nearly 2.7 million pages of documents and over 136,000 Excel documents, Named Plaintiffs producing over 218,000 pages of documents, and the Parties taking 20 fact and four expert depositions and exchanging several rounds of expert reports.

On November 29, 2017, in accordance with Rule 25(a) of the Federal Rules of Civil Procedure, Lead Plaintiffs' Counsel filed a suggestion of death for Robert E. Hartline and requested that Mr. Hartline be withdrawn as a plaintiff in the Action.  On December 29, 2017, Edwin G. Scheibel filed a separate action against Defendants captioned *Schiebel v. The Bank of New York Mellon, et al.*, No. 1-17-cv-10231, and designated it as related to the Action.  On

January 11, 2018, the Court accepted the *Scheibel* action as related to the Action. On April 16, 2018, the Court consolidated the *Scheibel* action with the Action and ordered that Interim Co-Lead Counsel would remain in that role in the consolidated Action.

On February 12, 2018, before fact and expert discovery were concluded, Defendants moved for partial summary judgment on the application of the statute of limitations, seeking an order from the court granting summary judgment in favor of Defendants on the issue of fraudulent concealment and dismissing Named Plaintiffs' claims to the extent they are time-barred. Named Plaintiffs opposed the motion on March 7, 2018. Defendants filed a reply in support of their motion for summary judgment on March 19, 2018.

On May 15, 2018, Named Plaintiffs moved the Court for certification of the putative class pursuant to Rule 23(b)(1), or in the alternative pursuant to Rules 23(b)(2) and (b)(3), of the Federal Rules of Civil Procedure. Defendants opposed the motion on June 5, 2018. Named Plaintiffs filed a reply memorandum in further support of their motion for class certification on July 3, 2018. On August 24, 2018, Defendants filed a motion to preclude the proposed testimony of Named Plaintiffs' expert David F. DeRosa. Named Plaintiffs opposed the motion on September 14, 2018.

While discovery and motion practice were proceeding, the Parties began discussing the possibility of resolving the Action. On March 22 and 23, 2018, the Parties participated in a two-day mediation session with a former federal judge, the Honorable Layn R. Phillips, and David Murphy of PhillipsADR. The Parties engaged in a second mediation session with David Murphy of PhillipsADR on September 17, 2018. Following these separate mediation sessions and adversarial, arm's-length negotiations spanning the course of several months, the Parties reached an agreement-in-principle to settle the Action and thereafter negotiated a term sheet (the "Term Sheet") setting forth the material terms of their agreement. The Term Sheet was executed on September 26, 2018, and the Parties informed the Court of their agreement on September 27, 2018.

Over the following weeks, the Parties negotiated and documented the specific terms of the Settlement, which are embodied in the Stipulation executed on December ___, 2018. The Stipulation can be viewed at www.BNYMADRERISASettlement.com.

On _____, 201__, the Court entered the Preliminary Approval Order, authorizing that this Notice be sent to potential Settlement Entities and scheduling the Final Approval Hearing to consider whether to grant final approval of the Settlement, among other things.

**3.      Why is this a class action?**

In a class action, one or more individuals or entities, referred to as "plaintiffs," sue on behalf of individuals or entities who have similar claims. For example, here, Hedy Anselman, David Baumann, Carl Carver, Edward C. Day, Dante A. Dano, Jr., Landol D. Fletcher, Timothy R. Garrett, Edwin G. Schiebel, Deborah Jean Kenny, Lisa Parker, and Daryl Watkins are the named plaintiffs in this lawsuit, and each is suing on behalf of an ERISA Entity or ERISA Entities in which he or she participates, in which he or she is a beneficiary, or for which he or

she acts as a trustee. All of the other participants, beneficiaries, trustees, and fiduciaries of ERISA Entities on whose behalf Named Plaintiffs in this Action are suing are members of a "class" of similarly situated persons referred to in this Notice as the Settlement Class. Because Named Plaintiffs believe that the wrongful conduct alleged in this case affected all participants, beneficiaries, trustees, and fiduciaries of ERISA Entities holding BNYM ADRs in the same way, Named Plaintiffs filed this case as a putative class action. The Settlement Class has been provisionally certified by the Court for purposes of effectuating the Settlement.

**4.     Why is there a Settlement?**

The Court has not reached any decisions on the ultimate merits of Named Plaintiffs' claims against Defendants. Instead, the Parties have agreed to a Settlement to resolve the claims asserted in the Action. By agreeing to a Settlement, the Parties avoid the costs and risks of further protracted litigation, including the costs and expenses involved in summary judgment briefing, a trial, post-trial briefing, and potential appeals. As in any case, if this case were to be tried, Named Plaintiffs and Defendants would face an uncertain outcome, in which the Settlement Class might be awarded greater compensation than is provided by the Settlement, or might be awarded less, or might achieve no recovery at all. Lead Plaintiffs' Counsel has conducted an extensive review of the evidence in the case and the potential risks and benefits of continued litigation. Named Plaintiffs and Lead Plaintiffs' Counsel agree that the Settlement is in the best interest of all members of the Settlement Class.

As stated above, the Settlement is the product of adversarial, arm's-length negotiations between Lead Plaintiffs' Counsel and Defendants' Counsel, both of which are very experienced with respect to complex litigation of this type. Lead Plaintiffs' Counsel believes the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.

**5.     How do I know if I am part of the Class?**

The Court has provisionally certified the following Settlement Class:

**All participants, beneficiaries, trustees, and fiduciaries of ERISA Entities that during the period from January _, 1997 through _____, 201_held, directly or indirectly, American Depositary Receipts ("ADRs") for which Defendants (or their affiliates or predecessors in interest) acted as the depositary and for which Defendants (or their affiliates or predecessors in interest), in their capacity as the depositary, provided foreign currency exchange transactional services.**

The Settlement Class brings claims on behalf of the ERISA Entities of which the Settlement Class members are participants, beneficiaries, trustees, or fiduciaries. Those ERISA Entities represented by members of the Settlement Class are referred to in this Notice as "Settlement Entities."

**PLEASE NOTE: BEING PROVIDED THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOUR ENTITY WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.   IF**

**YOUR ENTITY IS A POTENTIAL CLASS ENTITY (AS DEFINED ABOVE) AND WISHES TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT OR IF YOUR ENTITY IS AN IDENTIFIED CLASS ENTITY (AS DEFINED ABOVE) AND SEEKS TO UPDATE ITS PRE-POPULATED CLAIM FORM, IT IS REQUIRED TO SUBMIT THE CLAIM FORM AVAILABLE ON THE SETTLEMENT WEBSITE AND THE REQUIRED SUPPORTING DOCUMENTATION NO LATER THAN _____, 2019.**

**6.**      **I'm still not sure if I am included in the Settlement Class.**

If you are still not sure whether Your Entity is a Settlement Entity, you can ask for guidance at no cost.  To do so, please call 1-855-773-0250.  Do not contact the Court or Defendants.  They will not be able to answer your questions.

**7.**      **Can I exclude myself from the Settlement Class?**

In some types of cases, class members have the opportunity to exclude themselves from a settlement.  This is sometimes referred to as "opting out" of a settlement.  In this case, however, Settlement Class Members do **not** have the right to exclude themselves from the Settlement.  The Settlement Class was preliminarily certified under Fed. R. Civ. P. 23(b)(1) as a mandatory or "non-opt-out" class action.  Therefore, Settlement Class Members will be bound by any judgments or orders that are entered in the case, and, if the Settlement is approved, Settlement Class Members will be deemed to have released the claims identified in the Stipulation (the "Released Claims").  The Released Claims are claims which were or could have been brought in the case on behalf of the Settlement Class, including unknown claims that arise from the facts and allegations in the Complaint.  The Released Claims are described in greater detail in the Stipulation.

Although Settlement Class Members cannot opt out of the Settlement, they can object to the Settlement and ask the Court not to approve the Settlement (see ¶¶ 56-62 below).

## THE SETTLEMENT BENEFITS – WHAT YOUR ENTITY MAY GET

**8.**      **What does the Settlement provide?**

The Settlement provides for $12.5 million ($12,500,000) in cash to be paid by or on behalf of Defendants to settle the Action.  The $12,500,000, plus interest that accrues on this amount, will be distributed to the Settlement Entities after costs, expenses, and fees are deducted as described below.  In the Action, Named Plaintiffs' expert estimated that the Class's alleged damages were approximately $47 million, without interest.  **This is only an estimate**.  Defendants do not concede the accuracy of Named Plaintiffs' damages expert's calculation, or that there are any damages at all.  A Settlement Entity's actual recovery will depend upon the net amount in the Settlement Fund (after the deduction of certain amounts as described herein and in the Stipulation, including Notice and Administration Costs, Court-approved attorneys' fees and Litigation Expenses, including Service Awards to Named Plaintiffs, and Taxes and Tax Expenses), which will be allocated and paid to Authorized Recipients according to the plan of allocation approved by the Court.

The Settlement will provide for cash payments to Identified Class Entities and to those Potential Class Entities that timely submit a valid Claim Form and adequate supporting documentation through the Settlement Website and are determined to be Authorized Recipients.

If the Settlement is approved, the Court will enter a judgment ("Order and Final Judgment"). The Order and Final Judgment will dismiss with prejudice the claims alleged in the Action against Defendants, and pursuant to the Order and Final Judgment, without further action by anyone, upon the Effective Date of the Settlement, Named Plaintiffs and each member of the Settlement Class, on behalf of themselves and each Settlement Entity of which they are a participant, beneficiary, trustee, or fiduciary, and each of their respective predecessors, successors, beneficiaries, and assigns, direct and indirect parents, subsidiaries and affiliates, their current and former sponsors, administrators, officers, directors, named fiduciaries, trustees, investment managers, investment advisors, employees, agents, and legal representatives, and the predecessors, successors, heirs, executors, administrators, beneficiaries, and assigns of each of the foregoing shall finally and irrevocably release the Released Parties (as defined below) for the Released Claims (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Parties.

"Released Claims" means all claims and causes of action of every nature and description, whether known or unknown (i.e., "Unknown Claims" as defined below), asserted or unasserted, whether arising under federal, state, common, or foreign law, whether in connection with the applicable deposit agreements or otherwise, whether class, derivative, or individual in nature, that (a) were or could have been asserted in the Action, or in any other forum, that arise out of, are based upon, or related in any way to the allegations set forth in any complaint or other pleading filed in the Action or (b) arise from, are based upon, or relate in any way to the conversion of foreign currency in connection with any and all ADRs for which BNYM acted as the depositary at any time during the Settlement Class Period, *provided, however*, that the Released Claims shall not include any claim for breach of contract asserted by or on behalf of a Settlement Entity in the Contract Action that is within the scope of the claims to be released in the Contract Settlement. This release incorporates a waiver by Releasors of any limitation on the scope of the release that would otherwise exist under California Civil Law § 1542. "Released Claims" do not include claims arising out of, based upon, relating to, concerning, or in connection with the interpretation or enforcement of the terms of the Settlement.

"Released Parties" means (a) BNYM, its predecessors, successors, and assigns, its direct and indirect parents, subsidiaries, and affiliates, and its respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of BNYM), attorneys, and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing; (b) any custodians or subcustodians appointed by BNYM in its capacity as depositary with respect to any of the ADRs subject to this Settlement, solely in their capacity as such, and only with respect to the period that BNYM served as depositary, transfer agent, registrar, or dividend disbursing agent in connection with such ADRs; and (c) the issuers of any of the foreign securities deposited with BNYM in relation to the ADRs subject to this Settlement, solely in their capacity as such, solely in relation to any

**Exhibit A-1**

conduct alleged in the Complaint,[2] and only with respect to the period that BNYM served as depositary, transfer agent, registrar, or dividend disbursing agent in connection with such ADRs.

"Unknown Claims" means any and all claims that any Named Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, which if known to him, her, or it might have affected his, her, or its decision with respect to Settlement, including but not limited to, his, her, or its decision to object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, each of the Named Plaintiffs shall expressly waive, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights, or benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**The Complete Terms of the Settlement are set forth in the Stipulation which may be viewed on the website www.BNYMADRERISASettlement.com.**

**9.     How much will my payment be?**

At this time, it is not possible to make a precise determination as to the amount of any payment that any individual ERISA Entity that is deemed to be an Authorized Recipient may receive from the Settlement.

Exhibit 1 to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Recipients, as proposed by Named Plaintiffs and Lead Plaintiffs' Counsel.  At the Final Approval Hearing, Lead Plaintiffs' Counsel will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.

The Plan of Allocation describes the manner in which the Net Settlement Fund will be distributed to Authorized Recipients.  In general, the Net Settlement Fund will be allocated to (i) Identified Class Entities and (ii) Potential Class Entities that submit valid Claim Forms and adequate supporting documentation.  The amount paid to each Authorized Recipient will depend on the amount of gross dividends each Authorized Recipient received with respect to a BNYM ADR relative to the Claims of other Authorized Recipients.  Because the Net Settlement Fund is

---

[2] A copy of the Complaint is available on the Settlement Website, www.BNYMADRERISASettlement.com

less than the total losses alleged to have been suffered in the Action, an Authorized Recipient's proportionate recovery may be less than their alleged loss.

The tax treatment of any distribution from the Net Settlement Fund is the responsibility of each recipient.  Your Entity should consult its tax advisor to determine the tax consequences, if any, of any distribution to it.

## HOW TO GET A DISTRIBUTION

**10.  How can I get my distribution?**

(a)    If Your Entity received **Postcard Notice** of this Settlement, not a Validation Letter, Your Entity is a Potential Class Entity.  If you believe Your Entity held BNYM ADRs that may be covered by this Settlement and wishes to be eligible to receive a payment from the proceeds of the Settlement, Your Entity must complete and submit a Claim Form with adequate supporting documentation no later than _____, 2019.  Your Entity must complete and submit the Claim Form through the Settlement Website, www.BNYMADRERISASettlement.com.  Your Entity may call 1-855-773-0250 or send an e-mail to info@BNYMADRERISASettlement.com to request assistance in completing the online Claim Form.  Please retain all of Your Entity's records of its holdings in BNYM ADRs, as they may be needed to document Your Entity's claim.  **If Your Entity is a Potential Class Entity and does not submit a valid Claim Form and adequate supporting documentation, it will not be eligible to share in the Net Settlement Fund.**

(b)    If Your Entity received a **Validation Letter** in the mail, Your Entity is an Identified Class Entity and *does not* have to take any further action in order to participate in the Settlement and be eligible to receive a payment from the proceeds of the Settlement.  Your Entity's Claim and payment amount will be calculated pursuant to the Available Data, as described in its Validation Letter, which has been used to pre-populate the online Claim Form on Your Entity's behalf.  Identified Class Entities should review for accuracy and completeness the pre-populated Claim Form available on the Settlement Website.  **If the information set forth in Your Entity's Validation Letter and/or in the pre-populated Claim Form on the Settlement Website is incorrect or incomplete, Your Entity must submit a supplemental Claim Form and supporting documentation correcting the data no later than_____, 2019. If Your Entity does not take any action, the Claims Administrator will use the information pre-populated in the Claim Form to calculate Your Entity's Claim.**

(c)    If you represent an ERISA Entity and believe Your Entity held BNYM ADRs that may be covered by this  Settlement , but received neither a Postcard Notice nor a Validation Letter, you may visit the Settlement Website and complete a Claim Form following the instructions therein.

**\*\*\*\*If Your Entity chooses to submit a Claim Form, it is consenting to the disclosure of and waiving any protections provided by applicable bank secrecy law, data privacy law, or any similar confidentiality protections with respect to transaction data relating to its holdings of BNYM ADRs and receipt of associated cash distributions from January 1, 1997**

through [the date of the Preliminary Approval Order], for use in the claims administration process.****

**11.    When will I get my distribution?**

Payment is conditioned on several matters, including the Court's approval of the Settlement and that approval becoming Final and no longer subject to any appeals.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Recipients will be made after any appeals are resolved and after the completion of all Claims processing.  Please be patient, as this process can take some time to complete.

**THE LAWYERS REPRESENTING YOU**

**12.    Do I have a lawyer in this case?**

Ciresi Conlin LLP and McTigue Law LLP are Lead Plaintiffs' Counsel for Named Plaintiffs and the Settlement Class in the Action.  Your Entity will not be charged directly by Lead Plaintiffs' Counsel or any other firms representing Named Plaintiffs in this case.  If Your Entity wants to be represented by its own lawyer, it may hire one at its own expense.

**13.    How will the lawyers be paid?**

Lead Plaintiffs' Counsel, on behalf of Named Plaintiffs' counsel, will petition the Court for an award of attorneys' fees not to exceed 33 1/3% of the Settlement Fund and for reimbursement of their Litigation Expenses not to exceed $1.8 million incurred in connection with the prosecution and resolution of this Action.  Lead Plaintiffs' Counsel will also request Service Awards of up to $10,000 for each Named Plaintiff, to compensate them for their efforts and participation in the Action.  Lead Plaintiffs' Counsel's application for attorneys' fees and Litigation Expenses (including Service Awards) will be filed by _____, 2019, and the Court will consider the application at the Final Approval Hearing.  A copy of Lead Plaintiffs' Counsel's application for fees and expenses will be available for review at www.BNYMADRERISASettlement.com.  Any award of attorneys' fees and reimbursement of Litigation Expenses, including Service Awards to Named Plaintiffs, will be paid from the Settlement Fund prior to allocation and payment to Authorized Recipients.  ***Settlement Entities and Settlement Class Members are not responsible for paying any such attorneys' fees or litigation expenses.***

To date, neither Lead Plaintiffs' Counsel nor any other firms representing Named Plaintiffs have received any payment for their services in prosecuting this Action on behalf of the Class, nor have any counsel been reimbursed for their out-of-pocket expenses incurred in connection with this Action.  The attorneys' fees requested by Lead Plaintiffs' Counsel will compensate counsel for their efforts in achieving the Settlement for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis.  The Court will determine the actual amount of the award.

By following the procedures described in Section 15 below, Your Entity can tell the Court that it does not agree with the attorneys' fees and expenses Lead Plaintiffs' Counsel intend to seek and ask the Court to deny their motion or limit the award.

Exhibit A-1

## <u>OBJECTING TO THE SETTLEMENT</u>

**14.     How do I tell the Court if I don't like the Settlement?**

Any Settlement Class Member may appear at the Final Approval Hearing and explain why he, she, or it thinks the Settlement of the Action as embodied in the Stipulation should not be approved as fair, reasonable, and adequate and why a judgment should not be entered thereon; why the attorneys' fees and expenses of Lead Plaintiffs' Counsel should not be awarded, in whole or in part; or why Named Plaintiffs should not be awarded any Service Awards, in whole or in part.  However, no Settlement Class Member shall be heard or entitled to contest these matters unless such Settlement Class Member has filed a written objection with the Court.

To object, a Settlement Class Member must send a letter or other written statement saying that it objects to the Settlement, the Plan of Allocation, and/or to Lead Plaintiffs' Counsel's request for attorneys' fees and Litigation Expenses (including Service Awards), in *Carver et al. v. Bank of New York Mellon, et al.*, No. 15-CV-10180 (JPO)(JLC).  Be sure to include your name, address, telephone number, signature, and a full explanation for all reasons why you object to the Settlement.  You must also include documents sufficient to prove that you are a Settlement Class Member and that Your Entity is a Settlement Entity, including any of the BNYM ADRs it held during the Settlement Class Period, the dates on which it held them, and the gross dividends it received as a result of such holdings between January 1, 1997 and [the date of preliminary approval].  If Your Entity is an Identified Class Entity, submitting a copy of the pre-populated Claim Form is sufficient proof that Your Entity is a Settlement Entity.

Your written objections and any supporting papers must be filed with the Court, and served by mail upon the counsel listed below, on or before_____, 2019.

| CLERK'S OFFICE | LEAD PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court Southern District of New York Clerk of the Court Daniel Patrick Moynihan United States Courthouse 500 Pearl Street, New York, NY 10007 | Heather McElroy, Esq. **Ciresi Conlin LLP** 225 S. 6th St., Suite 4600 Minneapolis, MN 55402<br><br>J. Brian McTigue, Esq. **McTigue Law LLP** 4530 Wisconsin Ave. NW Suite 300 Washington, DC 20016 | Elizabeth M. Sacksteder, Esq. **Paul, Weiss, Rifkind, Wharton & Garrison LLP** 1285 Avenue of the Americas New York, NY 10019 |

You may file a written objection without having to appear at the Final Approval Hearing. You may not, however, appear at the Final Approval Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

15

Exhibit A-1

If you wish to be heard orally at the Final Approval hearing, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Plaintiffs' Counsel and Defendants' Counsel at the addresses above so that it is *received* **on or before _____, 2019**.  Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections to any aspect of the Settlement or in appearing at the Final Approval Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth above so that the notice is *received* **on or before _____, 2019**.

**Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Plaintiffs' Counsel's request for attorneys' fees, Litigation Expenses, and Service Awards.**

## THE COURT'S FINAL APPROVAL HEARING

**15.      When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at ___:___ ___.m. on _____, 2019 before the Honorable J. Paul Oetken in Courtroom ___ of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  At this hearing, the Court will consider whether the Settlement (including the Plan of Allocation) is fair, reasonable, and adequate and whether it should be finally approved by the Court; whether judgment should be entered dismissing the Action with prejudice; the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Plaintiffs' Counsel; and whether Named Plaintiffs will receive Service Awards. If there are objections, the Court will consider them. We do not know how long the Court will take to make its decisions.

**16.      Do I have to go to the hearing?**

No.  Lead Plaintiffs' Counsel will answer any questions that the Court may have about the Settlement at the Final Approval Hearing.  Settlement Class Members are, however, welcome to attend at their own expense.  If you send an objection, you do not have to send a representative to Court to discuss it.  As long as you filed your written objection on time, that objection will be before the Court when the Court considers whether to approve the Settlement. You may also have your own lawyer attend the Final Approval Hearing at your expense, but such attendance is not mandatory.

16

**The Final Approval Hearing may be rescheduled by the Court without further notice to the Settlement Class.  If you wish to attend the Final Approval Hearing, you should confirm the date and time with Lead Plaintiffs' Counsel.**

**17.       May I speak at the hearing?**

If Your Entity is a Settlement Entity, you are a Settlement Class Member, and you have filed a timely objection, and if you wish to speak, present evidence, or present testimony at the Final Approval Hearing, you must state in your written objection(s) your intention to do so, and must identify any witnesses you intend to call or evidence you intend to present.

## IF YOU DO NOTHING

**18.       What happens if I do nothing at all?**

If Your Entity is a Settlement Entity and does nothing and the Settlement is approved, it, and its participants, beneficiaries, trustees, and fiduciaries, will be bound by the terms of the Settlement, and Your Entity, and its participants, beneficiaries, trustees, and fiduciaries, will be deemed to have released all Released Claims against all of the Released Parties.

If Your Entity is an **Identified Class Entity** and does nothing, it will receive a *pro rata* payment from the Settlement as described in the Plan of Allocation, attached hereto as Exhibit 1. The Claims Administrator will calculate Your Entity's Claim using the Available Data .

If Your Entity is a **Potential Class Entity** and does nothing, it will not be eligible to receive a payment from the Settlement.  If Your Entity is a Potential Class Entity, it must submit a valid Claim Form and supporting documentation to be eligible to receive a payment from the Settlement.

## GETTING MORE INFORMATION

**19.       How do I get more information?**

This Notice is only a summary of the Action and proposed Settlement.  For more detailed information about the matters involved in the Action, you are referred to the pleadings and other papers on file, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the Stipulation, this Notice, the Claim Form, the proposed Order and Final Judgment, and any related orders entered by the Court will be posted on the Settlement Website maintained by the Claims Administrator, www.BNYMADRERISASettlement.com.

All inquiries concerning this Notice and the Claim Form, including the process for submitting Claims electronically, or requests for other information should be directed to:

**Exhibit A-1**

*BNYM ERISA ADR Settlement*
c/o Analytics Consulting, LLC
P.O. Box 2003
Chanhassen, MN 55317-2003
1-855-773-0250
info@BNYMADRERISASettlement.com

*Court-Approved Claims Administrator*

and/or

Heather McElroy, Esq.
Barry Landy, Esq.
CIRESI CONLIN LLP
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
(612) 361-8200
www.ciresiconlin.com

J. Brian McTigue, Esq.
Regina M. Markey, Esq.
MCTIGUE LAW LLP
4530 Wisconsin Avenue, NW, Suite 300
Washington, DC 20016
(202) 364-6900
_____@mctiguelaw.com

*Lead Counsel for the Class*

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, OR THEIR COUNSEL FOR INFORMATION REGARDING THIS NOTICE.**

DATED: _____ , 2019

By Order of the Court
United States District Court
Southern District of New York

# EXHIBIT 1

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

The following Plan of Allocation ("Plan of Allocation" or "Plan") is the plan for allocating the Net Settlement Fund to Authorized Recipients proposed by Named Plaintiffs and Lead Plaintiffs' Counsel in the Action. In accordance with the Settlement, the Net Settlement Fund will be allocated to (i) Identified Class Entities and (ii) Potential Class Entities that submit valid Claim Forms through the Settlement Website, www.BNYMADRERISASettlement.com. The Court may approve the Plan, or modify it, without additional notice to the Settlement Class. Any Order modifying the Plan will be posted on the Settlement Website.

The objective of the Plan is to equitably distribute the Net Settlement Fund among as many Settlement Entities as possible. The Net Settlement Fund will be distributed pursuant to the Plan based on calculating, either through (i) structured data produced in discovery in the Action, (ii) documents related to the Named Plaintiffs' plans produced in discovery in the Action, or (iii) data submitted on Claim Forms by Settlement Entities through the Settlement Website, the amount of gross dividends that each Settlement Entity received from the BNYM ADRs it held during the Settlement Class Period. Each Authorized Recipient shall be paid the percentage of the Net Settlement Fund that each Authorized Recipient's gross dividend amount bears to the sum of gross dividend amounts of all Authorized Recipients – *i.e.*, the Authorized Recipient's *pro rata* share of the Net Settlement Fund (the "Distribution Amount"). If an Authorized Recipient's Distribution Amount is less than $10.00, it will be considered *de minimus* and will not be included in the calculation, and no distribution will be made to such Authorized Recipient.

The Plan is intended to be generally consistent with an assessment of, among other things, the allocation of damages that Named Plaintiffs and Lead Plaintiffs' Counsel believe could have been recovered for the claims asserted in the Action, and reflect Named Plaintiffs' allegations that over the course of the Settlement Class Period, BNYM systematically deducted impermissible fees, in the form of a "spread," for conducting foreign exchange transactional services in respect of cash distributions on BNYM ADRs held by ERISA Entities in breach of fiduciary duties BNYM allegedly owed to such ERISA Entities under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* ("ERISA") and violated ERISA's prohibited transaction rules.

### A.      Identification and Submission of Claim Form Data

The Net Settlement Fund will be allocated to (i) Identified Class Entities and (ii) Potential Class Entities that submit valid Claim Forms through the Settlement Website, www.BNYMADRERISASettlement.com.

Identified Class Entities are ERISA Entities that the Claims Administrator has identified from Available Data produced in discovery in the Action as having held at least one BNYM ADR that issued a dividend during the Settlement Class Period. A Validation Letter was sent to each Identified Class Entity identifying its known BNYM ADR holdings and providing the

Identified Class Entity with a Claim Number and Password. The data in the Validation Letter has been used to pre-populate a Claim Form on the Identified Entity's behalf. Accordingly, Identified Class Entities *do not* need to take any action to be eligible to receive a payment from the Settlement. The Identified Class Entity's Claim and payment amount will be calculated pursuant to the data entered into the pre-populated Claim Form. Each Identified Class Entity is encouraged, however, to log-on to the Settlement Website and review for accuracy and completeness the pre-populated Claim Form and, if need be, to correct or supplement it by following the instructions on the Settlement Website for submitting an amended Claim Form. The Identified Class Entity must submit an amended or supplemental Claim Form and supporting documentation no later than_____, 2019.  Otherwise, the Claims Administrator will use the information pre-populated in the Claim Form to calculate the Identified Class Entity's Claim.

Potential Class Entities have **not** been identified through Available Data as holders of at least one BNYM ADR that issued a dividend during the Settlement Class Period. To be eligible to receive a payment from the Settlement, Potential Class Entities must complete and submit a Claim Form through the Settlement Website with adequate supporting documentation no later than _____, 2019. Potential Class Entities were sent a Postcard Notice containing a Claim Number and Password that may be used to log-on to the Settlement Website and submit a Claim Form. If a Potential Class Entity does not submit a valid Claim Form and adequate supporting documentation, it will not be eligible to share in the Net Settlement Fund.

When submitting a Claim Form (or, for an Identified Class Entity, supplementing or amending a Claim Form),the Settlement Entity must provide: (i) the name(s) of the BNYM ADR(s) the Settlement Entity held during the Settlement Class Period; (ii) the CUSIPs of the BNYM ADR(s) the Settlement Entity held during the Settlement Class Period; (iii) the Dividend Record Date(s) on which the Settlement Entity held the BNYM ADR; and (iv) the number of shares of each BNYM ADR held on each Dividend Record Date.  (Note that for Identified Class Entities, these fields will be pre-populated per the Available Data). For the Claim Form to be valid, the Settlement Entity must upload supporting documentation to the Settlement Website to establish that the information on the Claim Form is as averred and provide a signature of an authorized representative under penalty of perjury certifying that the information on the Claim Form is true and correct.  Proposed changes to the Claim Form and/or supporting documentation must be provided to the Claims Administrator by _____, 2019 for the information to be considered.  Claim Forms that do not meet the submission requirements may be rejected.  Lead Plaintiffs' Counsel retains the right to advise the Claims Administrator to waive technical defects in any Claim Forms and supporting documentation submitted (or to accept late Claims) in the interests of achieving substantial justice.

Log-in information, including a Claim Number and Password, that can be used to access the Claim Form and to upload information to the Settlement Website is provided in the Postcard Notice and the Validation Letter.  Note that if a Settlement Entity invested in a BNYM ADR through a Direct Filing Entity or "DFE," as defined by the U.S. Department of Labor "Instructions for Form 5500, Annual Return/Report of Employee Benefit Plan," the DFE should complete the Claim Form with respect to that BNYM ADR.

### B.      Calculation of Recognized Claims

The Claims Administrator, in consultation with Lead Plaintiffs' Counsel, will determine valid claims based on the data provided in the Claim Forms and supporting documentation.  This information, together with dividend data produced by BNYM, will be used to calculate the amount of gross dividends and/or cash distributions received by each Settlement Entity from BNYM ADRs.  The gross dividend amount calculated for each Settlement Entity represents that Entity's *pro rata* share of the Net Settlement Fund.

### C.      Distribution to Authorized Recipients

Prior to the Effective Date, the Settlement Fund shall remain in an interest-bearing escrow account, except as otherwise provided in the Stipulation.  After the Court enters the Order and Final Judgment and the Settlement becomes Final, the Claims Administrator shall distribute the Net Settlement Fund to Authorized Recipients as promptly as possible pursuant to the Distribution Order.  The Distribution Order shall not authorize payments to Authorized Recipients prior to the Effective Date.

### D.      Additional Provisions

As noted above, the Net Settlement Fund will be distributed to Authorized Recipients on a *pro rata* basis based on the relative size of their gross dividends.  Specifically, a "Distribution Amount" will be calculated for each Authorized Recipient, which shall be the Authorized Recipient's gross amount of dividends divided by the total gross amount of dividends, multiplied by the total amount in the Net Settlement Fund.  If an Authorized Recipient's Distribution Amount is less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Recipient.

To the extent any monies remain in the fund nine (9) months after initial distribution, if Lead Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including estimated fees and expenses for such re-distribution, to Authorized Recipients who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Recipients who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, Lead Plaintiffs' Counsel shall seek an order from the Court: (1) approving the recommendation that any further re-distribution is not cost-effective or efficient; and (2) ordering the contribution of the Net Settlement Fund to a non-profit, nonsectarian charitable or educational organization promoting retirement security selected by Named Plaintiffs and approved by the Court and unaffiliated with any Lead Plaintiffs' Counsel and any Named Plaintiff.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Recipients. No Person shall have any claim against Named Plaintiffs, Lead Plaintiffs' Counsel, Named Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.   Named Plaintiffs, Defendants, and their respective counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes and Tax Expenses; or any losses incurred in connection therewith.

Exhibit A-2

**_Carver et al. v. Bank of New York Mellon, et al._**
**Civil Action No. 15-cv-10180-JPO-JLC (SDNY)**

_BNYM ERISA ADR Settlement_
c/o  Analytics Consulting LLC
P.O. Box 2003
Chanhassen, MN 55317-2003
1-855-773-0250
info@BNYMADRERISASettlement.com

TO:     Fiduciary of the [INSERT NAME OF IDENTIFIED CLASS ENTITY]
C/O [Insert the individual signing as plan administrator or as DFE, from the bottom page
one of 2016 Form 5500 for the ERISA Entity with the 12 digit plan number below]
[INSERT THE PLAN SPONSOR'S ADDRESS from page one of the 2016 Form 5500]
[INSERT THE DOL FORM 5500 TAX IDENTIFICATION AND PLAN NUMBER]

YOUR CLAIM #: [xxxxxxxx]

YOUR PASSWORD: [xxxxx]

RE:     NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;
(II) FINAL APPROVAL HEARING; AND (III) MOTION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES

**Please Note:**  You are receiving this Validation Letter in your role as a fiduciary to the above
employee benefit plan or Direct Filing Entity ("Your Entity"), which is covered by a recent
settlement in the above class action litigation (the "Action"). The settlement is described in a
Stipulation and Agreement of Settlement dated December 14, 2018 (the "Stipulation" or the
"Settlement"), which can be viewed at www.BNYMADRERISASettlement.com.[1] Your Entity
has been identified 1) as filing a Form 5500 pursuant to the Employee Retirement Income
Security Act of 1974, 29 U.S.C. § 1001 _et seq._ ("ERISA"), 2) as a beneficial owner of one or
more American Depositary Receipts for which The Bank of New York Mellon acted as the
depositary ("BNYM ADRs") covered by this Action, and 3) as having received one or more
BNYM ADR cash distributions for which The Bank of New York Mellon provided foreign
exchange transactional services on or after January 1, 1997. Your Entity is therefore referred to
as an "Identified Class Entity" in the Stipulation.

## PLEASE READ THIS LETTER CAREFULLY.
## IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR ENTITY'S CLAIM

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure
and an Order of the United States District Court for the Southern District of New York, that the
Action has been preliminarily certified as a class action for the purposes of settlement and that

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the
meanings ascribed to them in the Stipulation.

the parties to the Action have reached a proposed settlement for $12,500,000 in cash that, if approved, will resolve all claims in the Action. A hearing will be held on _____, 2019 at __:__ _.m., before the Honorable J. Paul Oetken at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against BNYM and the Releases described in the Stipulation should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Plaintiffs' Counsel's application for an award of attorneys' fees and Litigation Expenses (including Service Awards to Named Plaintiffs) should be approved.

As a fiduciary of an Identified Class Entity, you do not need to do anything in order for Your Entity to be eligible to receive a payment from the Settlement. The Claims Administrator will use structured data produced in discovery in this Action to calculate Your Entity's Claim in accordance with the Notice and Plan of Allocation or other plan of allocation approved by the Court. Following final approval of the Settlement, if Your Entity's Claim, in accordance with the Court-approved plan of allocation, calculates to a Recognized Claim and Your Entity's Distribution Amount is higher than the minumum threshold of $10.00, a check will be mailed to the Your Entity at the address listed above.

Accompanying this Validation Letter is a schedule that summarizes available data on the BNYM ADR holdings for Your Entity.  Please review this summary of Your Entity's BNYM ADR holdings carefully, as the data may not be complete. **If you determine that the data is incomplete or incorrect, an authorized representative of Your Entity may supplement the data by using the Claim number and Password above to submit a new Claim Form and supporting documentation through the Settlement Website by _____, 2019**. Note that if Your Entity does nothing and chooses not to validly submit a Claim Form correcting or supplementing the data on Your Entity's BNYM ADR holdings, it will waive all rights to later correct or supplement the data.

You may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses. Any such objection must be filed with the Court and delivered to Lead Plaintiffs' Counsel and Defendants' Counsel such that they are **received no later than _____, 2019**, in accordance with the instructions set forth in the Notice available on the Settlement Website.

**Please review the Notice and Plan of Allocation posted on the Settlement Website carefully for additional information regarding the proposed Settlement and Your Entity's rights in connection therewith. Your Entity, and its participants, beneficiaries, trustees, and fiduciaries, will be bound by the Settlement and all of the orders and judgments entered by the Court regarding the Settlement, including the Release of Claims.**

If you have any questions with respect to this Validation Letter, please visit the website for the Settlement, www.BNYMADRERISASettlement.com, or contact the Claims Administrator at 1-855-773-0250 or at info@BNYMADRERISASettlement.com.  Other inquiries may be directed to Lead Plaintiffs' Counsel: Heather M. McElroy, Esq. and Barry Landy, Esq., of Ciresi Conlin, LLP, 225 South Sixth Street, Suite 4600, Minneapolis, MN 55402,

www.ciresiconlin.com; or J. Brian McTigue, Esq. and Regina M. Markey, Esq., McTigue Law LLP, 4530 Wisconsin Avenue, NW, Suite 300, Washington, DC 20016, _____@mctiguelaw.com.

       **If the Claims Administrator receives no additional information from Your Entity, it will assume the information in this Validation Letter and on the pre-populated Claim Form on the Settlement Website is correct and will use it to calculate Your Entity's Claim.** If Your Entity's address changes, or if this Validation Letter was sent to an incorrect address, please go to www.BNYMADRERISASettlement.com to update Your Entity's address. All communications should contain Your Entity's nine digit Tax Identification Number (TIN) and three digit Plan Number (PN) from Your Entity's Annual Reports on Form 5500. Note that this letter contains a Claim Number and a Password.  Your Entity will need to use both to upload correct, more complete, or updated information.

 

                                              Claims Administrator
                                       *BNYM ADR FX ERISA Settlement*

**c/o Analytics Consulting LLC**
**P.O. Box 2003**
**Chanhassen, MN 55317-2003**

**Toll-Free Number: 855-773-0250**
**Email: info@BNYMADRERISASettlement.com**
**Website: www.BNYMADRERISASettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

**Identified Class Entities:**

If you are a fiduciary or other authorized representative of an ERISA Entity that received a Validation Letter in the mail, Your Entity is an Identified Class Entity. This Claim Form has been pre-populated with information from Available Data produced in discovery in this action identifying (i) the name(s) of the BNYM ADR(s) Your Entity held during the Settlement Class Period; (ii) the CUSIPs of the BNYM ADR(s) Your Entity held during the Settlement Class Period; (iii) the Dividend Record Date(s) on which Your Entity held the BNYM ADR(s); and (iv) the number of shares of each BNYM ADR held on each Dividend Record Date. You DO NOT need to complete and submit this Proof of Claim and Release Form ("Claim Form") in order to participate in the Settlement and be eligible to receive a payment from the proceeds of the Settlement. Your Entity's Claim and payment amount will be calculated pursuant to the data in the pre-populated Claim Form. Please refer to the Notice for more information.

On behalf of Your Entity, you should review for accuracy and completeness the pre-populated Claim Form. If the information set forth therein is incorrect or incomplete, you should amend the Claim Form by submitting corrected or supplemental information. You must do so by _____, 2019 to have it considered in connection with the Settlement of this Action.

FAILURE TO SUBMIT YOUR CORRECTED OR SUPPLEMENTED CLAIM FORM BY THE DATE SPECIFIED ABOVE WILL SUBJECT YOUR CORRECTED OR SUPPLEMENTED CLAIM FORM TO REJECTION.

**Potential Class Entities:**

If Your Entity received Postcard Notice of this Settlement (not a Validation Letter) or if you believe Your Entity held BNYM ADRs that may be covered by this Settlement and this Claim Form is NOT pre-populated with Your Entity's BNYM ADR holdings, you MUST COMPLETE AND SUBMIT A CLAIM FORM by _____, 2019 in order to be eligible to receive a payment from the proceeds of the Settlement. Please refer to the Notice for more information.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED ABOVE WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES, OR THEIR COUNSEL.**
**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR THROUGH THIS WEBSITE.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3-4** |
| **PART III – SCHEDULE OF ADRS AND DIVIDEND RECORD DATES** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **6-7** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information to identify you and for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator using the website. Complete names of all persons and entities must be provided.

**ADR CLAIMANT IDENTIFICATION**

Authorized Representative's Name

First Name                                          Last Name

Capacity of Authorized Representative (e.g., Trustee, Fiduciary, Administrator, Custodian, or Other)

☐ Trustee    ☐ Fiduciary    ☐ Administrator    ☐ Custodian    ☐ Other _____

☐ Beneficial Owner    ☐ Record Owner    ☐ Plan    ☐ DFE

Plan or DFE Name*

Plan Number *                                       Taxpayer Identification Number *

*As appearing in the most recent Form 5500 filing by your Entity to the U.S. Department of Labor

**Authorized Representative's Contact Information**

Street Address

City                                                State/Province    Zip Code

Foreign Postal Code (*if applicable*)               Foreign Country (*if applicable*)

Telephone Number (Day)                              Telephone Number (Alternate)

Email Address (Email address is required and if you provide it you authorize the Claims Administrator to use it to provide you with information relevant to this claim.):

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the proposed Plan of Allocation of Net Settlement Fund attached as Exhibit 1 to the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed to Authorized Recipients if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and understand the Notice, including the terms of the Releases described therein and provided for herein.

2. **Important - Please Note:** The Claims Administrator has identified from Available Data produced in discovery in this Action that certain ERISA Entities held at least one BNYM ADR during the Settlement Class Period ("Identified Class Entities").  Identified Class Entities do not need to take any action to be eligible to receive a payment from the Settlement. You will know if Your Entity is an Identified Class Entity because you will have received a Validation Letter in the mail identifying Your Entity's known BNYM ADR holdings. The data in the Validation Letter has been pre-populated into a Claim Form on Your Entity's behalf and will be used to calculate Your Entity's Claim, unless you choose to submit an amended Claim Form. ERISA Entities that were not identified through the Available Data as having held at least one BNYM ADR during the Settlement Class Period are "Potential Class Entities." Potential Class Entities **must** submit a Claim Form in order to be eligible to receive a payment from the Settlement.  Potential Class Entities will not have received a Validation Letter, but should have received a Postcard Notice.  **If you are unsure whether Your Entity is an Identified Class Entity or a Potential Class Entity, please contact the Claims Administrator.**

3. By submitting this Claim Form, Your Entity will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOUR ENTITY IS NOT A SETTLEMENT ENTITY (see definition of Settlement Class and Settlement Entity in the Stipulation and on page 9 of the Notice, which sets forth who is included in the Settlement Class), DO NOT SUBMIT A CLAIM FORM. **YOU AND YOUR ENTITY MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOUR ENTITY IS NOT A SETTLEMENT ENTITY.** THUS, IF YOUR ENTITY DOES NOT MEET THE DEFINITION OF A SETTLEMENT ENTITY, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR ENTITY'S BEHALF, WILL NOT BE ACCEPTED.

4. **Submission of this Claim Form does not guarantee that Your Entity will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5. Use the Schedule of ADRs and Dividend Record Dates in Part III of this Claim Form to supply all required information regarding Your Entity's BNYM ADR holdings, including (i) the name(s) of the BNYM ADR(s) Your Entity held during the Settlement Class Period; (ii) the CUSIPs of the BNYM ADR(s) Your Entity held during the Settlement Class Period; (iii) the Dividend Record Date(s) on which Your Entity held the BNYM ADR(s); and (iv) the number of shares of each BNYM ADR held on each Dividend Record Date. Please provide all of the requested information.

6. You are required to submit genuine and sufficient documentation to support the information you provided in the Schedule of ADRs and Dividend Record Dates in Part III of this Claim Form. Documentation may consist of copies of Your Entity's applicable account statements, or an authorized statement from Your Entity's trustee, custodian or broker containing the information regarding Your Entity's BNYM ADR holdings that would be found in an applicable account statement. Please Note: If Your Entity is a Potential Class Entity (not an Identified Class Entity), the Parties, Lead Plaintiffs' Counsel, and the Claims Administrator do not independently have information about Your Entity's holdings in the BNYM ADRs covered by this Action, the Dividend Record Date(s) on which Your Entity held the BNYM ADRs, or the number of shares of each BNYM ADR Your Entity held on each Dividend Record Date. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7. Separate Claim Forms should be submitted for each Settlement Entity. If a Settlement Entity invested in a BNYM ADR through a Direct Filing Entity or "DFE," as defined by the U.S. Department of Labor "Instructions for Form 5500, Annual Return/Report of Employee Benefit Plan," the DFE should complete the Claim Form with respect to that BNYM ADR.

8. Fiduciaries, trustees, administrators, custodians, and/or other authorized representatives of a Settlement Entity may

complete a Claim Form on behalf of the Settlement Entity, but if they do, they must sign and:

    (a)  expressly state the capacity in which they are acting;

    (b)  identify the Plan or DFE name, Taxpayer Identification Number, and Plan Number for the Settlement Entity on whose behalf they are acting;

    (c)  identify their address, telephone number, and e-mail address; and

    (d)  furnish herewith evidence of their authority to bind to the Claim Form the Settlement Entity on whose behalf they are acting.

9.    By submitting a signed Claim Form, you will be swearing that Your Entity owned the number of shares of BNYM ADRs you have listed in the Claim Form on the respective Dividend Record Date(s) provided therein.

10.   By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

11.   If the Court approves the Settlement, payments to Authorized Recipients pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all Claims processing. The Claims process will take substantial time to complete fully and fairly. Please be patient.

12.   **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Recipient shall receive its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Recipient calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Recipient.

13.   If you have questions concerning the Claim Form or the Notice, you may contact the Claims Administrator, Analytics Consulting, LLC, at the above address, by toll-free phone at 1-855-773-0250, or by email at info@BNYMADRERISASettlement.com.

14.   NOTICE REGARDING ELECTRONIC FILES: Certain Claimants may request, or may be requested, to submit information regarding their BNYM ADR holdings in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.BNYMADRERISASettlement.com or you may email the Claims Administrator at info@BNYMADRERISASettlement.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an e-mail after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this e-mail. If you do not receive such an e-mail within 10 days of your submission, you should contact the Claims Administrator to inquire about your file and confirm it was received and acceptable.**

### <u>IMPORTANT: PLEASE NOTE</u>

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT E-MAIL.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT E-MAIL WITHIN 10 DAYS OF SUBMISSION OF YOUR CLAIM FORM, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-773-0250.**

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

**A list of BNYM ADRs, CUSIPs, and Dividend Record Dates is set forth below. If Your Entity held, directly or indirectly, any BNYM ADR on one or more of the Dividend Record Dates identified below, please identify in the corresponding box the number of shares of the BNYM ADR Your Entity held or benefically held on each respective Dividend Record Date, to the extent the number of shares is not already pre-populated. In addition, blank rows are available at the end of this list if you wish to add additional ADRs that you believe were BNYM ADRs and that you owned from January 1, 1997 to [_____, 2019], inclusive.**

| DR Name (CUSIP) | Dividend Record Date 1 | Dividend Record Date 2 | Dividend Record Date 3 | Dividend Record Date 4 | Dividend Record Date 5 | Dividend Record Date 6 | Dividend Record Date 7 | Dividend Record Date 8 | Confirm Proper Documentation |
|---|---|---|---|---|---|---|---|---|---|
| ABSA GROUP LIMITED (CUSIP: 00077C309) | 12/23/2003 | | | | | | | | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| AKBANK 144A (CUSIP: 009719303) | 3/26/2003 | | | | | | | | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| ALCATEL-LUCENT (CUSIP: 013904305) | 6/27/1997 | 6/30/1998 | 6/30/1999 | 5/18/2000 | 5/7/2001 | 4/22/2002 | | | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| AMER SPORTS CORPORATION (CUSIP: 023512205) | 3/16/1999 | 3/13/2000 | 3/12/2001 | 3/26/2002 | 3/25/2003 | | | | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| AMVESCAP (CUSIP: 03235E100) | 4/6/1999 | 9/3/1999 | 4/7/2000 | 9/8/2000 | 3/30/2001 | 9/7/2001 | 4/5/2002 | 8/30/2002 | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| AUSTRALIA AND NEW ZEALAND BA (CUSIP: 052528304) | 6/12/1997 | 12/11/1997 | 6/11/1998 | 11/19/1998 | 6/10/1999 | 11/18/1999 | 5/25/2000 | 11/8/2000 | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| BA HOLDING - 144A (CUSIP: 060587508) | 5/30/2000 | | | | | | | | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| BA HOLDING AG (CUSIP: 060593100) | 6/24/1997 | 6/15/1998 | 7/22/1998 | 5/24/1999 | 5/30/2000 | | | | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| BANCO BILBAO VIZCAYA (CUSIP: 059458208) | 1/9/1997 | 4/9/1997 | 7/17/1997 | 7/18/1997 | 10/10/1997 | 1/9/1998 | 4/8/1998 | 7/10/1998 | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| BANKINTER S.A. (CUSIP: 066460106) | 7/9/1998 | | | | | | | | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| BARCLAYS PLC (CUSIP: 06738E204) | 8/16/2002 | 2/28/2003 | 8/18/2003 | | | | | | Y/N |
| | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |
| BBV PREFERENCE - SERIES B (CUSIP: 059456202) | 3/14/1997 | 6/13/1997 | 9/15/1997 | 12/15/1997 | 6/15/1998 | 9/15/1998 | 12/15/1998 | 3/15/1999 | Y/N |
| Fill in Name of ADR Missing From Above | Fill Record Date | Fill Record Date | Fill Record Date | Fill Record Date | Fill Record Date | Fill Record Date | Fill Record Date | Fill Record Date | Y/N |
| Fill in CUSIP of ADR | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | Fill # of ADRs | |

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND ELECTRONICALLY SIGN.**

I hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I, on behalf of myself and the Settlement Entity of which I am a participant, beneficiary, trustee, or fiduciary and each of its respective predecessors, successors, beneficiaries, and assigns, direct and indirect parents, subsidiaries, and affiliates, its current and former administrators, officers, directors, named fiduciaries, trustees, investment managers, investment advisors, employees, agents, and legal representatives, and the predecessors, successors, heirs, executors, administrators, beneficiaries, and assigns of each of the foregoing shall be deemed to have, and by operation of law and of the Order and Final Judgment shall have, finally, fully, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim against any of the Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Parties. I also hereby acknowledge that on behalf of myself and the Settlement Entity of which I am a participant, beneficiary, trustee, or fiduciary that I and it shall be bound by the terms of the Releases set forth in the Stipulation whether or not the Settlement Entity obtains a recovery from the Settlement Fund, or seeks, or actually receives a distribution from the Net Settlement Fund.

**CERTIFICATION**

By signing and submitting this Claim Form, the Claimant or the person who represents the Claimant certifies as follows:

1. that I have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the Claimant is a Settlement Entity, as defined in the Notice and Stipulation;

3. that the Claimant owned the number of shares of BNYM ADRs identified in this Claim Form on the respective Dividend Record Date(s) provided therein and have not assigned the claim against the Defendant or any of the other Released Parties to another, or that, in signing and submitting this Claim Form, I have the authority to act on behalf of the owner thereof;

4. that the Claimant submits to the jurisdiction of the Court with respect to the Claimant's claim and for purposes of enforcing the Releases set forth herein;

5. that I agree to furnish such additional information with respect to this Claim Form as Lead Plaintiffs' Counsel, the Claims Administrator, or the Court may require;

6. that the Claimant waives the right to trial by jury, to the extent it exists, and agrees to the Court's summary disposition of the determination of the validity or amount of the Claim made by this Claim Form;

7. that I acknowledge that the Claimant will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

8. By submitting this Claim Form, the Claimant consents to the disclosure of, waives any protections provided by applicable bank secrecy law, data privacy law, or any similar confidentiality protections with respect to, and instructs the applicable Defendant(s) to disclose Claimant's information and transaction data relating to Claimant's ADR FX performed by Defendants during the Settlement Class Period, for use in the claims administration process. If applicable, Claimant waives any protections provided by applicable bank secrecy law, data privacy law, or any similar confidentiality protections with respect to, and consents to the disclosure of any and all information and documentation pertaining to Claimant's ADR FX performed by Defendants during the Class Period which may be obtained from third parties, including but not limited to bank(s) or brokerage firm(s), Depository Trust Company participant(s), third-party money manager(s), trustee(s), custodian(s), or others, for use in the claims administration process.

UNDER THE PENALTIES OF PERJURY, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____   **Date Signed**  ☐☐ — ☐☐ — ☐☐☐☐
**Signature of Person Signing on Behalf of Claimant**                  M  M        D  D        Y  Y  Y  Y

_____
**Print Your Name Here**

_____
**Capacity of person signing on behalf of Claimant,** *e.g.*, **fiduciary, administrator, trustee, etc.** *(Must provide evidence of authority to act on behalf of Claimant - see paragraph 8 on page 4 of this Claim Form.)*

**REMINDER CHECKLIST**

1. Please sign the above release and certification.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form only by e-mail within 10 days. **IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT EMAIL WITHIN 10 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-773-0250.**

6. If your address changes in the future, or if this Claim Form is populated with an old or incorrect address, please update your new address on the Settlement Website.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the above address, by toll-free phone at 1-855-773-0250, by email at info@BNYMADRERISASettlement.com or visit www. BNYMADRERISASettlement.com. Please DO NOT call Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE ELECTRONICLALLY SUBMITTED **NO LATER THAN _____, 2019**.

A Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

Exhibit A-4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *Carver, et al.*, | |
| Plaintiffs, | |
| vs. | No. 15-CV-10180 (JPO)(JLC) |
| *Bank of New York Mellon, et al.*, | |
| Defendants. | |

## PUBLICATION NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) FINAL APPROVAL HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

TO:   All participants, beneficiaries, trustees, and fiduciaries of an ERISA Entity that at any time during the period January 1, 1997 through _____, 201_ held, directly or indirectly, American Depositary Receipts for which The Bank of New York Mellon acted as the depositary and provided foreign currency exchange transactional services ("BNYM ADRs"). A list of BNYM ADRs is available for download on the Settlement Website, www.BNYMADRERISASettlement.com.

An "ERISA Entity" means an ERISA plan and any trust, pooled account, collective investment vehicle, or group insurance arrangement that files a Form 5500 annual return/report as a Direct Filing Entity ("DFE") in accordance with the DFE Filing Requirements, such as a group trust, master trust investment account (MTIA), common/collective trust (CCT), pooled separate account (PSA), 103-12 investment entity (102-12 IE), group insurance arrangement (GSA), or collective investment vehicle that held plan assets as defined by the U.S. Department of Labor "Instructions for Form 5500, Annual Return/Report of Employee Benefit Plan."

## PLEASE READ THIS NOTICE CAREFULLY.
**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, THE RIGHTS OF YOUR ERISA ENTITY, AND ITS PARTICIPANTS, BENEFICIARIES, TRUSTEES, AND FIDUCIARIES, WILL BE AFFECTED BY THE PENDING ACTION AND YOUR ERISA ENTITY MAY BE ENTITLED TO SHARE IN THE SETTLEMENT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the Action has been preliminarily certified as a class action for the purposes of settlement and that the parties to the Action have reached a proposed settlement (the "Settlement") for $12,500,000 in cash (the "Settlement Fund") that, if approved, will resolve all claims in the Action. A hearing will be held on _____, 2019 at __:__ _.m., before the Honorable J. Paul Oetken at the

Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against The Bank of New York Mellon and BNY Mellon, National Association ("BNYM" or "Defendants") and the Releases described in the Stipulation should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether the Notice and the means of dissemination thereof pursuant to the Settlement were appropriate and reasonable; and (v) whether Lead Plaintiffs' Counsel's application for an award of attorneys' fees and Litigation Expenses (including Service Awards to Named Plaintiffs) should be approved. If the Settlement is approved, Lead Plaintiffs' Counsel (McTigue Law LLP and Ciresi Conlin LLP) will ask the Court to award them attorneys' fees not to exceed 33 1/3% and reimbursement of Litigation Expenses, including a $10,000 award to each Named Plaintiff ("Service Awards") to compensate them for their efforts and participation in the Action. If the Court approves the Settlement, the settlement proceeds, after deduction of Court-approved Notice and Administration Costs, attorneys' fees and Litigation Expenses, including Service Awards to Named Plaintiffs, and Taxes and Tax Expenses, will be distributed to eligible ERISA Entities ("Settlement Entities") pursuant to the Plan of Allocation in the Notice, or other plan of allocation approved by the Court.

A Postcard Notice (or Validation Letter for those ERISA Entities that have been identified as holding at least one BNYM ADR for which BNYM provided foreign exchange transactional services during the Settlement Class Period) is being mailed to all ERISA Entities that filed a Form 5500 with the U.S. Department of Labor based on the most current complete year of data on Form 5500 available ("Potential Class Entity"), directing them to the Settlement Website, www.BNYMADRERISASettlement.com for more information about the Settlement.

If you or your ERISA Entity receive a Validation Letter in the mail (rather than Postcard Notice), that means that the ERISA Entity you represent, or in which you participate or to which you are a beneficiary ("Your Entity") was identified, based on structured data produced in discovery in this Action, as holding at least one BNYM ADR during the Settlement Class Period in respect of which BNYM provided foreign exchange transactional services. Your Entity is an "Identified Class Entity" and **does not** have to take any further action in order to be eligible to receive a payment from the Settlement Fund. Your Entity's payment amount, if any, will be calculated using the information described in its Validation Letter. It is important that you visit the Settlement Website using the Claim Number and Password provided in Your Entity's Validation Letter to verify the information regarding Your Entity's BNYM ADR holdings. The information in Your Entity's Validation Letter may not represent every BNYM ADR held by Your Entity during the Settlement Class Period. **If the information is incomplete, Your Entity may supplement or correct it by submitting a new Claim Form, which must be received by _____, 2019. If Your Entity does not update the information, the Claims Administrator will use the data in the Validation Letter to calculate its Claim and Your Entity will waive its rights to later supplement or correct it.**

If Your Entity did not receive a Validation Letter in the mail, Your Entity has not yet been identified as a Settlement Entity and is referred to in this Settlement as a Potential Class Entity. If you believe Your Entity may be a Settlement Entity, you have the following choices: (1) **Submit a Claim Form**: Submit a claim by _____, 2019 through the Settlement Website

Exhibit A-4

www.BNYMADRERISASettlement.com using the Claim Number and Password provided on the Postcard Notice or (2) **Do Nothing**: If Your Entity is a Settlement Plan and does nothing, Your Entity will not receive a payment from this Settlement, but it and its participants, beneficiaries, trustees, and fiduciaries will be bound by any judgments or orders entered by the Court in this Action.

You may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses. Any such objection must be filed with the Court and delivered to Lead Plaintiffs' Counsel and Defendants' Counsel such that they are **received no later than _____, 2019**, in accordance with the instructions set forth in the Notice on the Settlement Website.

If Your Entity does not receive a Postcard Notice or a Validation Letter but you believe Your Entity may be a Settlement Entity, please visit www.BNYMADRERISASettlement.com for more information. There, you will find the Notice and Plan of Allocation, a Stipulation of Settlement, and other documents explaining the rights of Settlement Class Members in connection with the Settlement and the process to submit a Claim Form in order for Your Entity to be eligible to receive a payment from the Settlement. You or Your Entity may also contact the Claims Administrator Analytics Consulting, LLC, toll-free at 1-855-773-0250 or via e-mail at info@BNYMADRERISASettlement.com.

Any questions regarding this Publication Notice, the Action, the Settlement, or Your Entity's eligibility to participate in the Settlement may also be directed to Lead Plaintiffs' Counsel: Barry Landy, Esq. or Heather M. McElroy, Esq., Ciresi Conlin LLP, 225 South Sixth Street, Suite 4600, Minneapolis, MN 55402, www.ciresiconlin.com; or J. Brian McTigue, Esq. or Regina M. Markey, Esq., McTigue Law LLP, 4530 Wisconsin Avenue, NW, Suite 300, Washington, DC 20016, _____@mctiguelaw.com.

**Please do not contact the Court, the Clerk's office, BNYM, or its counsel regarding this notice. All questions about this notice, the Settlement, or Your Entity's eligibility to participate in the Settlement should be directed to Lead Plaintiffs' Counsel or the Claims Administrator.**

DATED:_____, 2019.                     BY ORDER OF THE COURT
                                                 United States District Court
                                                 Southern District of New York

Exhibit A-5

**BNYM ADR FX ERISA Settlement**
c/o Analytics Consulting LLC
P.O. Box 2003
Chanhassen, MN 55317-2003

*Carver et al. v.*
*Bank of New York Mellon, et al.,*
*Civil Action No.*
**1:15-cv-10180-JPO (S.D.N.Y.)**

*THIS NOTICE ONLY PROVIDES*
*LIMITED INFORMATION ABOUT*
*THIS CLASS ACTION LAWSUIT*
*AND SETTLEMENT.*

Please Visit
www.BNYMADRERISASettlement.com
or call 1-855-773-0250
for more information

<<Owner>>
<<Representative>>
<<Address1>>
<<Address2>>
<<City>> <<StateCd>> <<Zip>>
<<Country>>

**IMPORTANT PLEASE READ:** You are receiving this Postcard Notice because you were identified as a fiduciary or other authorized representative of an ERISA plan, trust, pooled account, collective investment vehicle, group insurance arrangement or other entity that filed a Form 5500 with the U.S. Department of Labor (an "ERISA Entity"). The ERISA Entity you represent ("Your Entity") is referred to in this Settlement as a Potential Class Entity, and has been assigned the Claim Number and PIN below. If you represent an ERISA Entity that held American Depositary Receipts for which The Bank of New York Mellon ("BNYM") acted as the depositary ("BNYM ADRs") after January 1, 1997, Your Entity may be entitled to participate in the Settlement (a "Settlement Entity"). Please read this notice carefully. **If Your Entity is a Settlement Entity, its rights, and the rights of its participants, beneficiaries, trustees, and fiduciaries, will be affected by the pending action and it may be entitled to share in the settlement fund.**

**CLAIM NUMBER: «AccountID» / PIN: «PinNo»**

Pursuant to Federal Rule of Civil Procedure 23 and Court Order, this Action has been provisionally certified as a class action for settlement purposes and a $12.5 million Settlement has been proposed. If approved, the Settlement will resolve all claims in the case. **This notice only provides basic information. You should review the detailed Notice found on the Settlement Website www.BNYMADRERISASettlement.com for more information.**

**What is the Action About**: Plaintiffs claim that, as the depositary to ADRs held by ERISA Entities, BNYM deducted allegedly impermissible fees when converting foreign currency in the form of dividends and/or cash distributions issued by foreign companies. Plaintiffs claim that this practice violated Sections 404, 406, and 409 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. Defendants have denied, and continue to deny, any wrongdoing or liability whatsoever.

**Who is a Settlement Class Member**: All participants, beneficiaries, trustees, and fiduciaries of ERISA Entities that held, directly or indirectly, BNYM ADRs for which BNYM, in its capacity as a depositary, provided foreign currency exchange transactional services, from January 1, 1997 to [the date of the Preliminary Approval Order], inclusive. A list of BNYM ADRs is available at www.BNYMADRERISASettlement.com.

**What are the Benefits**: Under the Settlement, Defendants have agreed to pay $12,500,000 to resolve this Action. If the Settlement is approved, Lead Plaintiffs' Counsel (McTigue Law LLP and Ciresi Conlin LLP) will ask the Court to award them attorneys' fees not to exceed 33 1/3% and reimbursement of Litigation Expenses, and to award up to $10,000 to each Named Plaintiff to compensate them for their efforts in the Action. If the Court approves the Settlement, the settlement proceeds, after deduction of approved notice and administration costs, attorneys' fees and expenses, and service awards to the Named Plaintiffs, will be distributed to eligible Settlement Entities pursuant to the Plan of Allocation, or other plan of allocation approved by the Court.

**What are My Rights**: Your Entity has not yet been identified as a Settlement Entity, but if you believe it is, you have the following choices: (1) **Submit a Claim Form**: Submit a claim by _____, 2019 through the Settlement Website www.BNYMADRERISASettlement.com using the Claim Number and PIN provided on this notice, in order to be eligible to receive a payment from the Settlement Fund; (2) **Do Nothing**: If Your Entity is a Settlement Entity and does nothing, it will not receive a Settlement payment, but it, and its participants, beneficiaries, trustees, and fiduciaries, will be bound by any judgments or orders entered in this Action; (3) **Object**: You may, by _____, 2019, write to the Court about why Your Entity objects to the Settlement. This entitles Your Entity to request to speak at the Final Approval Hearing. To object, follow the instructions in the Notice.

**When is the Final Approval Hearing**: A hearing will be held on _____, 2019 at : _.m., before the Honorable J. Paul Oetken at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine if the Settlement, Plan of Allocation, and request for attorneys' fees and expenses should be approved. Your Entity, or any of its plan participants or beneficiaries, may ask to appear at the hearing and speak at the hearing at their own expense. Supporting papers will be posted on the Settlement website once filed.

**For more information or to update your address or contact information please visit www.BNYMADRERISASettlement.com, email info@BNYMADRERISASettlement.com, or call 1-855-773-0250**